J. S42043/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                :         PENNSYLVANIA
                    v.          :
                                :
FONTAIN S. WILSON,              :         No. 1878 MDA 2016
                                :
            Appellant           :


Appeal from the Judgment of Sentence, September 20, 2016,
in the Court of Common Pleas of Dauphin County
Criminal Division at No. CP-22-CR-0004535-2015


BEFORE:  OLSON, J., MOULTON, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED NOVEMBER 03, 2017**

Fontain S. Wilson appeals from the September 20, 2016 judgment of sentence entered in the Court of Common Pleas of Dauphin County following his conviction in a bench trial of one count of criminal use of a communication facility, two counts of delivery of a controlled substance, one count of possession with intent to deliver, and one count of possession of drug paraphernalia.[1]   The trial court imposed an aggregate sentence of 2-4 years of incarceration, followed by 1 year of probation.  Assistant Public Defender Erin L. Hayes has filed a petition to withdraw, alleging that the appeal is frivolous, and an ***Anders*** brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa.

---

[1]  18 Pa.C.S.A. § 7512(a), 35 P.S. § 780-113(a)(30), and 35 P.S. § 780-113(a)(32), respectively.

2009). After careful review, we grant counsel's petition to withdraw and affirm the judgment of sentence.

The trial court set forth the following factual history:

> Appellant was the subject of a drug dealing investigation by the Harrisburg Police Department's Vice Unit. Det. Donald Heffner utilized a confidential informant (CI) who was working for consideration for his wife to purchase drugs from a dealer known as "Vonday" on May 28, 2015. The CI called [XXX-XXX-XXXX], spoke with someone named Vonday and set up a $40 drug deal. They were told to meet in the area of 14th and Market Streets and that Vonday, a black male, would be in a car. The CI was searched, the money was photographed and the CI was dropped off in the area. The CI entered into a blue Buick with the license plate [XXXXXXX] occupied by one person. The car was parked on Market Street facing west between 14th and 13th Streets. After the CI entered the vehicle, the driver drove around the block and then dropped the CI off near 14th and Market Streets. The CI immediately returned to Det. Heffner, and provided him with two bags [of] crack cocaine.

> Per department procedures, Det. Heffner had searched the CI prior to dropping him off. He searched all clothing, pockets, waistband, socks, and shoes and did not find anything. He did not search inside the shoes or underwear. He did not lose sight of the CI at all during the buy. The CI never made contact with anyone else. Following the buy, Det. Heffner searched the CI again and found nothing.

> The drugs themselves were packaged in "little tiny" Ziploc bags; this style of packaging used to be popular but now is a unique form of packaging drugs.

> On June 2, 2015, Det. Heffner and the same CI met again to set up another drug deal. They utilized

the same phone number to call Vonday; Heffner searched the CI; provided photographed money to the CI and eventually dropped the CI off in the same general area as before. The CI again entered a blue Buick with the license plate [XXXXXXX] which drove around the block. The CI returned with three bags of crack cocaine which were packaged in the same way as before.

On June 4, 2015, Det. Heffner utilized the CI to set up a buy-bust of Vonday utilizing the Street Crimes Unit. The CI called Vonday to set up another buy of three bags of cocaine, the blue Buick with the license plate [XXXXXXX] arrived at the agreed upon location. The CI identified the driver as Vonday. Det. Heffner radioed to the Street Crimes Unit to stop the vehicle and take the driver into custody which they did.

The police found three bags of cocaine that matched the previously purchased bags as well as a phone with the target phone number on his person. Officer Fustine specifically found an envelope with suspected crack cocaine.

Det. Heffner verbally gave [a]ppellant his **Miranda**[2] rights and [a]ppellant was very cooperative. Det. Heffner informed [appellant] that they had been buying cocaine [from] him and [appellant] admitted he was selling drugs to pay his bills and his probation fines and costs. Det. Heffner said he knew that [a]ppellant lived in the area and asked if there was any cocaine in his home. [Appellant] responded with his address and gave consent for them to search it. Appellant escorted them into his residence and showed them a plate underneath his dresser with cocaine, small Ziploc baggies and a little piece of cardboard to scrape the cocaine. [Appellant] also told them where to find $130 cash in his home, although none of the marked cash from the previous buys was present.

---

[2] **Miranda v. Arizona**, 384 U.S. 436 (1966).

The blue Buick is registered to Nathaniel Rafferty.

Trial court opinion, 3/7/17 at 2-4 (citations to notes of testimony omitted).

The trial court summarized the procedural history, as follows:

Appellant was arrested and charged with criminal use of a communication facility, 2 counts of delivery of a controlled substance, possession with intent to deliver, and possession of drug paraphernalia.

A bench trial was scheduled though testimony was bifurcated as Officer Fustine was unavailable to testify on August 18, 2016. The trial was continued to September 20, 2016 and [a]ppellant was found guilty and sentenced that day as follows:

- Count 1: 1-2 years SCI
- Count 2: 1-2 years SCI
- Count 3: 1-2 years SCI
- Count 4: 1-2 years SCI
- Count 5: one year of state supervision

Counts 1, 3, and 5 ran concurrent with one another and Counts 2 and 4 ran consecutive to one another for an aggregate of 2-4 years of incarceration. He was made RRRI eligible at 18 months and was given time credit from June 4, 2015 to September 20, 2016.

A post-sentence motion was denied on October 18, 2016, and this Court received a timely Notice of Appeal. On November 14, 2016, we issued an order for a statement of errors [complained of on appeal pursuant to Pa.R.A.P. 1925(b)] and said statement was filed November 30, 2016. On January 17, 2017, we received an order from the Superior Court of Pennsylvania [that] indicated that the appeal was dismissed for failure to comply with the Rules of Appellate Procedure. On January 30, 2017, we received another order [from] the Superior

> Court of Pennsylvania indicating that the prior order was vacated and the appeal reinstated.

Trial court opinion, 3/7/17 at 1-2 (footnotes omitted).

The record reflects that the trial court then filed its Pa.R.A.P. 1925(a) opinion on March 7, 2017.

Appellant raises the following issue for our review:

> Whether the trial court abused its discretion in running [a]ppellant's sentences consecutively resulting in an aggregate sentence of two (2) to four (4) years of incarceration followed by a year of state-supervised probation?

Appellant's brief at 5 (underscoring omitted).

Assistant Public Defender Erin L. Hayes filed in this court a petition to withdraw alleging the appeal is frivolous and an **Anders** brief.

> A request by appointed counsel to withdraw pursuant to **Anders** and **Santiago** gives rise to certain requirements and obligations, for both appointed counsel and this Court. **Commonwealth v. Flowers**, 113 A.3d 1246, 1247-1248 (Pa.Super. 2015).
>
>> These requirements and the significant protection they provide to an **Anders** appellant arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on that appeal. **Commonwealth v. Woods**, 939 A.2d 896, 898 (Pa.Super. 2007). This Court has summarized these requirements as follows:
>>
>>> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious

examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.

*Anders* counsel must also provide a copy of the *Anders* brief and petition to the appellant, advising the appellant of the right to retain new counsel, proceed pro se or raise additional points worthy of the Court's attention.

*Woods*, 939 A.2d at 898 (citations omitted).

There are also requirements as to the precise content of an *Anders* brief:

The *Anders* brief that accompanies court-appointed counsel's petition to withdraw . . . must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel

> should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> **Santiago**, 978 A.2d at 361.
>
> **Id.** at 1248. If this Court determines that appointed counsel has met these obligations, it is then our responsibility "to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Id.** at 1248. In so doing, we review not only the issues identified by appointed counsel in the **Anders** brief, but examine all of the proceedings to "make certain that appointed counsel has not overlooked the existence of potentially non-frivolous issues." **Id.**

**Commonwealth v. Hankerson**, 118 A.3d 415, 419-420 (Pa.Super. 2015).

Our review of Attorney Hayes's petition to withdraw, supporting documentation, and **Anders** brief reveals that she has substantially complied with all of the foregoing requirements, which is sufficient. **See Commonwealth v. Reid**, 117 A.3d 777, 781 (Pa.Super. 2015) (finding that "[s]ubstantial compliance with [**Anders**] requirements is sufficient."). Attorney Hayes simultaneously furnished a copy of the **Anders** brief to appellant and advised him of his right to retain new counsel, proceed **pro se**, and/or raise any additional points that he deems worthy of this court's attention. Attorney Hayes attached a copy of that letter to the **Anders** brief that she filed with this court on April 18, 2017. Although that letter, dated April 18, 2017, states that Attorney Hayes filed a petition to

withdraw with this court, she did not do so until June 27, 2017. In the petition to withdraw, Attorney Hayes averred that, after a conscientious examination of the record, she concluded the appeal to be wholly frivolous. Attorney Hayes certified in the petition to withdraw that she had previously notified appellant of his rights when she furnished him with a copy of the *Anders* brief and attached the letter to the brief. Additionally, Attorney Hayes furnished appellant with a copy of the petition to withdraw. Appellant has not filed a response to the *Anders* brief or the petition to withdraw. Therefore, as Attorney Hayes has substantially complied with all of the requirements set forth above, we conclude that counsel has satisfied the procedural requirements of *Anders*.

Once counsel has met her obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Santiago*, 978 A.2d at 355 n.5. We now turn to the merits of appellant's appeal.

Here, appellant complains that the trial court abused its discretion when it imposed consecutive sentences on two counts, as opposed to running the sentences on those two counts concurrently. (Appellant's brief at 5.) In his brief, appellant further contends that the trial court imposed an excessive sentence in light of appellant's rehabilitative needs and what is

necessary to protect the public. (*Id.* at 12-13.) Therefore, appellant challenges the discretionary aspects of his sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. ***Commonwealth v. Sierra***, [752 A.2d 910, 912 (Pa.Super. 2000)]. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa.Super. 2010) (citation omitted; brackets in original).

Here, appellant filed a timely notice of appeal and included a Pa.R.A.P. 2119(f) statement in his brief. In his motion to modify sentence, appellant requested that the trial court "modify his sentence so that all counts run concurrent to one another." (Appellant's post-sentence motion to modify sentence, 9/29/16 at 2, ¶ 6.) In the argument section of his brief, however, appellant contends that the trial court abused its discretion by imposing an excessive sentence in light of appellant's rehabilitative needs

and that which is necessary to protect the public. (Appellant's brief at 12-13.) Because appellant did not give the trial court the opportunity to reconsider or modify his sentence on the basis that the sentence was excessive in light of appellant's rehabilitative needs and that which is necessary to protect the public, appellant failed to properly preserve this specific discretionary sentencing challenge for appeal. *See Commonwealth v. Mann*, 820 A.2d 788 (Pa.Super. 2003) (stating issues that challenge discretionary aspects of sentencing are generally waived if they are not raised during sentencing proceedings or in post-sentence motion); *accord Commonwealth v. Lamonda*, 52 A.3d 365, 371 (Pa.Super. 2012). *See also Commonwealth v. Reeves*, 778 A.2d 691, 692-693 (Pa.Super. 2001) (finding waiver where appellant "did not give the sentencing judge an opportunity to reconsider or modify sentence" on any of the bases that appellant currently argues on appeal); Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal").

Nevertheless, we will address this challenge because appointed counsel has filed an *Anders* brief and a petition to withdraw. *See Commonwealth v. Lilley*, 978 A.2d 995, 998 (Pa.Super. 2009) (addressing the appellant's discretionary sentencing challenge in light of counsel's petition to withdraw, despite the fact that his Pa.R.A.P. 2119(f) statement failed to cite what particular provision of the Sentencing Code or what

specific fundamental norm the appellant's sentence allegedly violated), citing *Commonwealth v. Hernandez*, 783 A.2d 784, 787 (Pa.Super. 2001) (concluding that *Anders* requires review of issues otherwise waived on appeal).

We determine whether an appellant raises a substantial question on a case-by-case basis. *Commonwealth v. Swope*, 123 A.3d 333, 338 (Pa.Super. 2015) (citation omitted). "A substantial question exists only when an appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* (citation omitted).

> In determining whether a substantial question exists, this Court does not examine the merits of whether the sentence is actually excessive. Rather, we look to whether the appellant has forwarded a plausible argument that the sentence, when it is within the guideline ranges, is clearly unreasonable. Concomitantly, the substantial question determination does not require the court to decide the merits of whether the sentence is clearly unreasonable.

*Id.* at 340 (citation omitted). This court has held that an appellant's "challenge to the imposition of his consecutive sentences as unduly excessive, together with his claim that the court failed to consider his rehabilitative needs and mitigating factors upon fashioning its sentence, presents a substantial question" for review. *Id.* at 340. We, therefore, proceed to the merits of appellant's sentencing challenge.

- 11 -

> The matter of sentencing is vested within the sound discretion of the trial court; we only reverse the court's determination upon an abuse of discretion. To demonstrate that the trial court has abused its discretion, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. Moreover, 42 Pa.C.S.A. § 9721(b) provides that the trial court must disclose, on the record, its reasons for imposing the sentence.

*Commonwealth v. Hanson*, 856 A.2d 1254, 1257 (Pa.Super. 2004) (citations and internal quotation marks omitted).

Here, appellant's sentence fell within the sentencing guidelines. At Count 1 (criminal use of communication facility), appellant faced a statutorily authorized sentence of up to 7 years of incarceration. *See* 18 Pa.C.S.A. § 7512(b). On that count, the trial court sentenced appellant to 1-2 years of incarceration to run concurrent with Count 2. As to the controlled-substance violations at Counts 2, 3, and 4, appellant faced a statutorily authorized sentence of up to 10 years' imprisonment on each count. *See* 35 P.S. 780-113(f)(1.1). The trial court sentenced appellant to 1-2 years of imprisonment on each count with Count 4 to run consecutive to Count 2. As to the drug paraphernalia violation at Count 5, appellant faced up to 1 year of incarceration. The trial court sentenced appellant to 1 year of probation on that count. Therefore, although appellant faced 38 years of imprisonment, the trial court imposed 2-4 years of incarceration noting that "[t]he punitive measures could not have been accomplished with a lesser

sentence."[3]   (Trial court opinion, 3/7/17 at 5.)   We discern no abuse of discretion.

Moreover, our independent review of the entire record has not disclosed any potentially non-frivolous issues.  Therefore, we grant counsel's petition to withdraw, and we affirm the judgment of sentence.

Judgment of sentence affirmed.  Petition to withdraw granted.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/3/2017

---

[3] The record reflects that appellant received approximately 15 months of credit for time served and the trial court made him RRRI eligible at 18 months.